**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOSE LUIS CARCHI MARCA,** | **CIVIL ACTION** |
| **Petitioner,** | |
| **v.** | **NO. 26-cv-7874** |
| **J.L. JAMISON, et al.,** | |
| **Respondents.** | |

**ORDER TO SHOW CAUSE**

**AND NOW**, this 10th day of November 2026, upon consideration of Petitioner Jose Luis Carchi Marca's Petition for Writ of Habeas Corpus (ECF No. 1) and Application for Issuance of Order to Show Cause (ECF No. 1-3), the Government's Response thereto (ECF No. 9), and the arguments and evidence set forth on the record during the hearing on November 3, 2026, and for the reasons set forth on the record during that hearing and in the accompanying Memorandum Opinion, it is hereby **ORDERED** that:

1. Pursuant to Fed. R. Civ. P. 11(c)(3), Petitioner's counsel Rueben S. Kerben, Esq., Parham Zahedi, Esq., and Wayne H. Nguyen, Esq., are **ORDERED TO SHOW CAUSE** on or before **November 24, 2026**, why the following statements in Petitioner's Petition (ECF No. 1), read independently and in conjunction with each other, the Petition as a whole, and Petitioner's Application for Issuance of Order to Show Cause (ECF No. 1-3), did not violate Fed. R. Civ. P. 11(b)(3) and/or Pa. R. P. C. 3.3(a)(1), and why the Court should not therefore impose sanctions, including monetary sanctions, referral to the Bars of the Commonwealth of Pennsylvania and the State of New York, or such other sanctions as may be authorized by law, under either Rule 11, Rule 3.3, or pursuant to the Court's inherent authority:

a. "Rather than providing the individualized custody determination required by Congress, ICE detained Petitioner under 8 U.S.C. § 1225(b)…" ECF No. 1, ¶ 3.

b. "Federal courts in the Eastern District of Pennsylvania have repeatedly rejected DHS's attempt to subject noncitizens residing in the interior of the United States to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), holding that such individuals are instead subject to the discretionary detention framework of § 1226(a). Most significantly, the two E.D. Pa. decisions recently affirmed by the Third Circuit ordered the petitioners' immediate release. See *Buele Morocho v. Jamison*, No. 5:25-cv-05930-JMG, 2025 WL 3296300, at *3 (E.D. Pa. Nov. 26, 2025) (granting habeas relief and ordering immediate release); *Lopes de Andrade v. Rose*, No. 2:26-cv-00603, 2026 WL 401189, at *4–6 (E.D. Pa. Feb. 12, 2026) (holding that § 1225(b)(2)(A) did not authorize petitioner's detention, finding an independent due-process violation, and ordering immediate release). The Third Circuit expressly affirmed both judgments in *Buele Morocho v. Warden Philadelphia FDC,* Nos. 26-1150 & 26-1454 (3d Cir. Aug. 28, 2026)." ECF No. 1, ¶ 5.

c. "Numerous other judges in this District have reached the same conclusion and granted immediate release. See *Leiva-Tut v. Jamison*, No. 2:26-cv-04734 (E.D. Pa. July 9, 2026) (holding that § 1226(a), rather than § 1225(b)(2), governed and ordering immediate release); *Martinez de la Rosa v. Jamison*, No. 2:26-cv-04026 (E.D. Pa. June 16, 2026) (same); *Beridze v. Jamison*, No. 2:26-cv-01611 (E.D. Pa. Mar. 18, 2026) (ordering immediate release and requiring a § 1226(a) bond hearing before any subsequent re-detention); and *Lopez Lopez v. Jamison*, No. 2:26-cv-01539 (E.D. Pa. Mar. 11, 2026) (holding petitioner was not subject to mandatory detention under § 1225(b)(2) and ordering immediate release). These decisions, now reinforced by binding Third Circuit precedent, establish that where DHS detains an interior resident under § 1225(b)(2)(A) rather than the applicable discretionary framework of § 1226(a), immediate release is an available and appropriate habeas remedy." ECF No. 1, ¶ 6.

d. "Upon information and belief, no individualized bond hearing has been afforded to Petitioner following his October 9, 2026 arrest." ECF No. 1, ¶ 22.

e. "Despite DHS's express decision in August 2023 to release Petitioner pursuant to INA § 236, he has not been afforded an individualized custody determination following his recent arrest to assess whether continued detention is necessary based on danger to the community or risk of flight. Upon information and belief, Respondents have instead subjected Petitioner to mandatory detention without providing access to the discretionary custody procedures available under 8 U.S.C. § 1226(a)." ECF No. 1, ¶ 24.

f. "The Government appears to take the position that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). That position is foreclosed by controlling Third Circuit authority." ECF No. 1, ¶ 51.

g. "In *Buele Morocho v. Warden Philadelphia FDC*, Nos. 26-1150 & 26-1454 (3d Cir. Aug. 28, 2026), the Third Circuit rejected DHS's interpretation of § 1225(b)(2)(A) and held that mandatory detention under that provision does not apply merely because a noncitizen who entered without inspection is deemed an "applicant for admission." The Court explained that § 1225(b)(2)(A) additionally requires that the individual be presently "seeking admission." A noncitizen who previously entered the United States without inspection, thereafter lived in the interior, and is later apprehended away from the border is not engaged in a present or ongoing effort to seek admission. The Third Circuit therefore held that § 1225(b)(2)(A) did not authorize the petitioners' mandatory detention and that their detention was instead governed by 8 U.S.C. § 1226(a). The Court further held that their detention without an opportunity for an individualized custody determination violated procedural due process and affirmed the district courts' orders granting habeas relief and releasing the petitioners." ECF No. 1, ¶ 52.

h. "Petitioner falls squarely within the rule announced in Buele Morocho. Petitioner entered the United States without inspection on or about August 24, 2023. Two days later, DHS placed him in removal proceedings and expressly released him on his own recognizance pursuant to INA § 236, 8 U.S.C. § 1226. Petitioner thereafter resided in Pennsylvania for more than three years, pursued asylum protection, obtained employment authorization, and established substantial family and community ties. On October 9, 2026, immigration authorities arrested him while he was preparing to leave for work. At the time of his arrest, Petitioner was not at or near a port of entry, had not recently crossed the border, and was not engaged in any present or ongoing process of seeking admission to the United States. Indeed, DHS had previously exercised its authority under § 1226 to release him into the community. His renewed detention therefore cannot lawfully be maintained under § 1225(b)(2)(A)." ECF No. 1, ¶ 53.

i. "Because § 1225(b)(2)(A) does not authorize Petitioner's mandatory detention, Respondents may not categorically detain him without an individualized custody determination. Nevertheless, upon information and belief, Respondents have treated Petitioner as subject to mandatory detention and have afforded him no meaningful opportunity to establish that his confinement is unnecessary to prevent danger or flight. Under Buele Morocho, Petitioner's continued mandatory detention is unlawful. He is therefore entitled to immediate release or, in the alternative, a prompt individualized custody determination under § 1226(a)." ECF No. 1, ¶ 54.

j. "The Government's reliance on § 1225(b)(2)(A) is foreclosed *Buele Morocho v. Warden Philadelphia FDC, Nos. 26-1150 & 26-1454 (3d Cir. Aug. 28, 2026)*, which holds that § 1226(a) governs the detention of a noncitizen who has entered the United States, remained here, and was later apprehended in the interior while not presently seeking admission." ECF No. 1, ¶ 65.

k. "Because Petitioner's detention rests on an erroneous interpretation of the INA, his mandatory detention under § 1225(b)(2)(A) is unlawful and immediate release is an appropriate habeas remedy. See *Buele Morocho v. Jamison*, No. 5:25-CV-05930-JMG, 2025 WL 3296300, at *3 (E.D. Pa. Nov. 26, 2025); *Lopes de Andrade v. Rose*, No. 26-603, 2026 WL 401189, at *4–6 (E.D. Pa. Feb. 12, 2026). In both cases, the Eastern District of Pennsylvania concluded that § 1225(b)(2)(A) did not authorize the petitioners' mandatory detention and ordered their release. The Third Circuit has now expressly affirmed those judgments, holding that the petitioners' detentions without bond hearings violated the INA and due process. *Buele Morocho v. Warden Philadelphia FDC*, Nos. 26-1150 & 26-1454, slip op. at 4–6 (3d Cir. Aug. 28, 2026) (noting that "[b]oth Petitioners were released" and affirming the District Courts' orders of release). Accordingly, because Petitioner is likewise being subjected to mandatory detention under a statutory provision that does not authorize his custody, this Court should grant the writ and order his immediate release." ECF No. 1, ¶ 67.

l. "Petitioner was arrested within the interior of the United States after having resided here, and was not seeking admission at a port of entry when he was detained. These circumstances further demonstrate that Petitioner falls within the detention framework of 8 U.S.C. § 1226(a), rather than the mandatory-detention provisions applicable to applicants for admission under 8 U.S.C. § 1225(b). Accordingly, Petitioner was entitled, at a minimum, to an individualized custody determination addressing whether his detention was warranted based on flight risk or danger to the community." ECF No. 1, ¶ 68.

m. "WHEREFORE, Petitioner respectfully requests that the Court … (3) Declare that Petitioner's continued detention under 8 U.S.C. § 1225(b) is unlawful … [and] (7) Enjoin Respondents from re-detaining Petitioner pursuant to 8 U.S.C. § 1225(b) absent lawful statutory authority." ECF No. 1, Prayer for Relief, p. 18.

2. Pursuant to Fed. R. Civ. P. 11(c)(3), Petitioner's counsel Rueben S. Kerben, Esq., Parham Zahedi, Esq., and Wayne H. Nguyen, Esq., are **FURTHER ORDERED TO SHOW CAUSE** on or before **November 24, 2026,** why the following statements in Petitioner's Application for Issuance of Order to Show Cause (ECF No. 1-3), read independently and in conjunction with each other and the Application as a whole, and the Petition (ECF No. 1) did not violate Fed. R. Civ. P. 11(b)(3) and/or Pa. R. P. C. 3.3(a)(1), and why the Court should not therefore impose sanctions, including monetary sanctions, referral to the Bars of the

Commonwealth of Pennsylvania and the State of New York, and such other sanctions as may be authorized by law, either under Rule 11, Rule 3.3, or pursuant to the Court's inherent authority:

a. "Petitioner challenges his continued detention because Respondents are unlawfully detaining him under 8 U.S.C. § 1225 despite his arrest occurring well within the interior of the United States after having resided in the country for over 3 years." ECF No. 1-3, ¶ 2.

b. "This case presents an issue now resolved by controlling Third Circuit authority and repeatedly addressed by courts in this District. A noncitizen who entered the United States without inspection, thereafter resided in the interior, and was later arrested away from the border is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) merely because he is deemed an "applicant for admission." Rather, where the individual is no longer presently "seeking admission," detention is governed by the discretionary framework of 8 U.S.C. § 1226(a). See *Buele Morocho v. Warden Philadelphia FDC,* Nos. 26-1150 & 26-1454 (3d Cir. Aug. 28, 2026). Consistent with that rule, judges in this District have rejected DHS's expansive interpretation of § 1225(b)(2)(A) and ordered immediate release of similarly situated detainees. See *Buele Morocho v. Jamison,* No. 5:25-cv-05930-JMG, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025); *Lopes de Andrade v. Rose,* No. 2:26-cv-00603, 2026 WL 401189 (E.D. Pa. Feb. 12, 2026). The Third Circuit expressly affirmed those judgments, holding that the petitioners' detentions violated both the INA and procedural due process. Accordingly, Petitioner is entitled to immediate release or, in the alternative, a prompt individualized custody determination under § 1226(a)." ECF No. 1-3, ¶ 3.

3. The Respondents may file responsive briefing on this topic, if they wish to do so, on or before **December 4, 2026**.

4. A hearing on the matter will be held on **December 10, 2026,** at 11:00 a.m. in a Courtroom To Be Determined. Rueben S. Kerben, Esq., and Parham Zahedi, Esq., and Wayne H. Nguyen, Esq. **SHALL APPEAR IN PERSON** at the hearing.

/s/ Antonio M. Pozos
**ANTONIO M. POZOS, J.**